## LOCOMOTIVE FINISHED MATERIAL COMPANY
v.
### UNITED STATES.
No. 60–56.

United States Court of Claims.
Dec. 3, 1958.

A. Harding Paul, Washington, D. C., for plaintiff.

John A. Rees, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for the defendant. James P. Garland, Baltimore, Md., and H. S. Fessenden, Washington, D. C., on the brief.

MADDEN, Judge.

The plaintiff sues to recover a part of the excess profits tax which it was required to pay for its fiscal year ending October 31, 1942. It claims that the Government misinterpreted certain statutes in computing the tax, and thereby overtaxed the plaintiff in the amount of $29,-595.92. There is no factual dispute between the parties, hence whichever one has interpreted the statutes correctly is entitled to a judgment on its motion.

The plaintiff's fiscal year ending October 31, 1942, covered a period during which important changes were made in the excess profits tax statutes by the Revenue Act of 1942, 56 Stat. 798, 899. That Act, in its section 201, said:

"Except as otherwise expressly provided, the amendments made by this title shall be applicable only with respect to taxable years beginning after December 31, 1941." [1]

Under that general provision, the plaintiff's taxes for the fiscal year in question would have been computed under the law as it was before the enactment of the Revenue Act of 1942. But the 1942 Act went on in its section 203(a) to "otherwise expressly provide" for the case of taxable years which, though they began in 1941, ended after June 30, 1942. This provision applied to the plaintiff's situation. The idea of Congress apparently was that if the new law was to be applicable to a calendar year taxpayer for the whole of the year 1942, it should be applicable to a fiscal year taxpayer for at least that portion of 1942 which was in excess of one-half of the year. Congress therefore, in section 203(a) of the 1942 Act, and in amendments thereto in section 203(b) and 203(c) of the Revenue Act of 1943, 58 Stat. 21, added a new paragraph (3) to section 710(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. Excess Profits Taxes, § 710(a). This new paragraph prescribed the method of computation of excess profits taxes for taxpayers, such as the plaintiff, whose taxable years began in 1941 and ended after June 30, 1942.

The method prescribed was (A) to compute the taxes for the whole year as if the old law were still applicable, and then multiply that amount by the fraction of a whole year which the number of days preceding July 1, 1942, in the taxpayer's year represented in relation to the whole year, and then (B) again compute the taxes for a whole year as if the old law were still in effect, in general, but as if certain designated amendments were in effect, and then compute the fractional part of such a tax which the number of days after June 30 would account for, and then add the two fractional computations together to make the total tax for the year.

The dispute between the parties relates to the (B) part of the computation.

[1]. Now 26 U.S.C.A. Excess Profits Taxes, § 710.

It is a hybrid, transitional, kind of provision; and it is not surprising that it has given rise to controversy.

As we have seen, the transitional paragraph, section 710(a) (3) in its subdivision (B) provided that the computation of excess profits taxes for the post-June 30 part of the tax year should be made on the basis of the law as it was in 1941 except that, among others, the amendments contained in section 202 of the 1942 Act should be applied. Section 202, which was made section 710(a) (1) of the Internal Revenue Code of 1939, provided for alternative computations, with the lesser result of the two computations being the tax. The (B) alternative of section 710(a) (1), 56 Stat. 798, 899, said that the tax, if it was the lesser of the two computed amounts, should be:

"(B) an amount which when added to the tax imposed for the taxable year under Chapter 1 * * * equals 80 per centum of the corporation surtax net income, * * *."

The Chapter 1 tax, which was, of course, the normal and surtax income tax was, in fact, $200,961.75. Yet in making the computation, the Commissioner of Internal Revenue did not deduct that amount from the 80 per centum of the surtax net income. He used instead the figure, $113,136.40. The plaintiff says that in doing so, the Commissioner departed from the terms of the statute.

The Commissioner justifies his $113,-136.40 figure in the following manner. The changes made by the Revenue Act of 1942 involved not only the excess profits tax but the normal tax and surtax on corporations. It added a section 108 to the Internal Revenue Code of 1939, 26 U.S.C.A. § 108, which section also provided for a transitional computation in two parts for taxpayers, whose taxable years began in 1941 and ended after June 30, 1942. The proportioning of the tax was in all respects comparable to what we have discussed above with regard to the excess profits tax. When, in computing the plaintiff's normal and surtax, the Commissioner, as a step in the computation, determined what those taxes would have been for a full year, if the 1942 amendments had been in effect for the full year, he determined, correctly, that these Chapter 1 taxes would have been $113,136.40. As we have seen, that is not what these taxes actually were, when the two fractional parts of the computation were added together. The amount actually computed and paid was $200,961.75.

The Commissioner points out that Congress, in its 1942 enactment of what became section 710(a) (3) (B), providing for the computation of the tentative tax on the basis of the 1942 amendments, for the purpose of adding the proper proportionate part of that tentative tax to the one arrived at under clause (A) to determine the excess profits tax for a taxpayer with an overlapping fiscal year, prescribed that the amendments made by section 105(a) (b), *inter alia*, of the 1942 Act [2] should be treated as applicable. Section 105(a) (b) had nothing to do with excess profits taxes. It changed the law as to normal taxes and surtaxes of corporations. Section 710(a) (3) (B), then, directed that, in computing the tentative excess profits tax for a full year in order to arrive at the proper proportionate part of it for the part of the year after June 30, 1942, the 1942 amendments of the normal tax and surtax statute should be taken into account. The only way in which they could be taken into account would be computing those taxes for a year at the rates and by the methods prescribed in the 1942 amendments. Thus tentative computations of normal taxes and surtaxes would be made as a step in the process of making tentative computations of excess profits taxes.

We think that what the Commissioner of Internal Revenue did was required by the statute. We think that the plaintiff's reliance upon section 710(a) (1), the permanent section incorporating the amendment made by section 202 of the

2. Now 26 U.S.C.A. §§ 13, 15.

Revenue Act of 1942, is heavier than the section will bear. It, as we have seen, provides for the subtraction of the amount of the normal tax and surtax from the 80 percent of the corporation surtax net income, to arrive at the excess profits tax. Being enacted in the same Act with other sections providing for tentative taxes as steps in the computation of actual taxes, we think that the words "tax imposed for the taxable year under Chapter 1", mean, in their context, the tax provided for under the sections relating to normal tax and surtax, as they are required to be applied in making this complex computation.

The defendant's motion for summary judgment is granted and the plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.